**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES of AMERICA**                 **PLAINTIFF/RESPONDENT**

**V.**               **No. 2:08-CR-20023**
               **No. 2:09-CV-02110**

**BRYAN LEE WOODS**                 **DEFENDANT/PETITIONER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 18) filed September 16, 2009. The United States of America filed a Response (Doc. 25) on November 24, 2009 and the Petitioner filed his Reply (Doc. 26) on December 10, 2009. The matter is ready for Report and Recommendation.

### I. Background

On March 5, 2008, Bryan Lee Woods (hereinafter "Woods") was named in a one-count Indictment in the Western District of Arkansas, Fort Smith Division (Docket # 1) which stated that on or about December 31, 2007, the defendant knowingly possessed with intent to distribute a controlled substance, namely, in excess of 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Id.

On May 8, 2008, Woods appeared with Jack Schisler before the Honorable Robert T. Dawson, U.S. District Judge, in Fort Smith for a change of plea. A written plea agreement was presented wherein defendant would plead guilty to the one count Indictment and in return the

-1-

government agreed not to recommend a specific sentence and not to object to a reduction for acceptance of responsibility. Defendant's rights were explained to him and the penalties were set forth. The court expressed tentative approval of the plea agreement. A factual basis was set forth to which defendant agreed. He then formally entered a plea of guilty to the Indictment. The court accepted defendant's plea and ordered a presentence report. Defendant was remanded to custody. (Docket ## 13-14)

On August 21, 2008, the Probation Office issued Woods' Pre-Sentence Report (PSR). The PSR assessed a base offense level of 34. (PSR ¶ 14) The PSR gave Woods a 2-point reduction for acceptance of responsibility and a 1-point reduction upon a motion from the government for qualifying for a decrease in subsection (a) and meeting the criteria set forth at § 3E1.1(b) resulting in a Total Offense level of 31. (PSR ¶ 20) Woods was assessed eleven points of criminal history, putting him in criminal history category V. (PSR ¶ 32) However, Woods' criminal history category was enhanced to VI because he was a career offender. (PSR ¶ 32) The resulting advisory guideline range was 188 to 235 months imprisonment, fine range from $15,000 to $1,000,000, and a term of supervised release of at least two years but not more than five years. (PSR ¶ 46-47,49,53).

The Defense made a number of objection to the PSR and the District Court overruled the objections and ruled relevant conduct was correctly considered and the guideline range calculated at a level 34, and that after acceptance of responsibility, the offense level was 31 with a penalty range of 188 to 235 months and a fine range of $15,000 to $1,000,000. (Sentencing Transcript p. 6-10, 12).

Woods' defense counsel argued strongly for a variance under Title 18 U.S.C. § 3553(a)

from the advisory guideline range of 188 to 235 months. The District Court granted the variance, sentencing Woods to115 months imprisonment, five years supervised release, $2,500.00 fine with interest waived, and $100 special assessment on October 20, 2008. (Doc. 16-17).

The court has access to the jail records for the Sebastian County Detention Center ("SCDC") and has determined that the Defendant was booked into the SCDC on December 31, 2007 on the charges of Possession of Methamphetamine with Intent to Deliver, Possession of Drug Paraphernalia, Maintaining a Premises for Drug Activities and a Parole Violation.  The Parole Violation was dropped and the defendant was release on a $10,000 signature bond on January 3, 2008.

On January 16, 2008 the Defendant was booked into the SCDC on a Petition to Revoke a previously imposed suspended sentence and a Parole Violation.  The Defendant was given a signature bond on the PTR but his parole was revoked and he was transported to the Arkansas Department of Corrections on February 8, 2008.

On May 22, 2008 the Defendant was returned to SCDC and the U.S. Marshall's Service executed an arrest warrant on the Defendant and the Defendant was placed in the custody of the U.S. Marshall.  The Defendant was discharged from parole at this time (PSR, p. 5) and he remained in the custody of the Marshall's service in the SCDC until November 6, 2008 when he was transported the his present location.

The State of Arkansas ultimately Dismissed the PTR and the underlying drug charges against the Defendant and when the Defendant was sentenced on October 20, 2008 on the current charges he was not under sentence on any state charges.

The Defendant filed the current Motion under 2255 on September 16, 2009 contending that his attorney was ineffective for failure to argue for "concurrent sentence with undischarged state time". The then went on to state that the Defendant is seeking relief for "jail time served prior to sentencing." (Doc. 18, p. 2).  The Defendant further argued in his Reply that his "prison sentence is 130 days longer because counsel failed to argue for jail credit on the record.  (Doc. 26, p. 2).

The Defendant also contends that his attorney was ineffective because he failed to object to the fine the court imposed. (Doc. 20).

## II.  Discussion

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show

"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

### A.  Failure to Move for Concurrent Sentences or Jail Time Credit

The Petitioner appears to argue that he was sentenced on the state charge and that his attorney was ineffective for failing to argue that the court run the sentences concurrently.

Multiple terms of imprisonment imposed at different times run consecutively unless the court order that the terms are to run concurrently. See 18 U.S.C. A. §3584(a).  In this instance there was no state court sentence that the Defendant's attorney could have argued to the court that should run concurrent with the federal sentence.  The State of Arkansas Nolle Prosequi the state charges in CR-08-00018 for which the Defendant was arrested on December 31, 2007. (PSR, page 7).  The State of Arkansas likewise dismissed the PTR which was filed in CR-06-0005 upon which the Defendant was arrested on January 16, 2008.  The only sentence the Defendant received prior to sentencing was a parole revocation which expired before the defendant was sentenced on the current charge. (PSR, p.5- 6) The Defendant was not under any

pending sentence that the court could have run concurrent with the Defendant's present sentence.

The Defendant's real contention appears to be that he did not receive proper jail time credit and that his attorney was ineffective for failing to raise this with the court.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence**. See 18 U.S.C.A. § 3585 (b).

The Statute is mandatory and is not something that defense counsel has to address at sentencing.  The Bureau of Prisons acting on behalf of the Attorney General has the authority to compute credit after a defendant has begun to serve his sentence. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992) The sentencing court does not compute the sentence because the computation of the credit must occur after the defendant begins his sentence. *Id*. at 334.

The Defendant contends that he should have received credit on his federal sentence computed from December 31, 2007 to January 3, 2008 and January 16, 2008 to May 22, 2008. The Defendant was originally picked up on a parole violation and charged with various drug offenses.  A signature bond was authorized on the drug offenses and his parole violation was lifted on January 3, 2008 and he was released from jail.  The defendant was again arrested on a PTR and parole violation on January 16, 2008.  This time his parole was revoked and he was sent to the Arkansas Department of Corrections on February 8, 2008 to serve out his parole revocation

which expired on May 22, 2008.  (PSR, p. 5; Doc. 18, p. 3). Pursuant to a detainer lodged by the Marshall's service the Defendant was returned to the SCDC on May 22, 2008 when he was arrested by the U.S. Marshall on the present charge.

The courts have construed the last clause of section 3585(b) as limiting an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence. In other words, the majority of courts addressing this issue have determined that section 3585(b) generally prohibits an award of "double credit." See, e.g., *Chambers v. Holland*, 920 F.Supp. 618, 623 (M.D.Pa.) ("The relief which petitioner seeks, i.e., to be given credit on his federal sentence for time served on [an ad prosequendum] writ issued by the federal court while he remained in the primary custody of the state, is inconsistent with federal law. Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence."), aff'd, 100 F.3d 946 (3d Cir.1996) (table); see also *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir.1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir.1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"; court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"); *United States v. Dennis*, 926 F.2d 768, 769 (8th Cir.1991) (reaching same conclusion); *Arashi v. United States*, No. 94-7603, 1995 WL 453308, at *10 n. 3 (S.D.N.Y. July 31, 1995) (noting that section 3585(b), the successor statute to section 3568, states explicitly that an individual can

-8-

receive jail time credit only for time spent in custody "that has not been credited against another sentence"); cf. *Wilson*, 503 U.S. at 337, 112 S.Ct. at 1355-56 (explaining that with the enactment of section 3585(b) in place of section 3568, "Congress made it clear that a defendant could not receive a double credit for his detention time."). *Rios v. Wiley*, 201 F.3d 257, 272 (C.A.3 (Pa.),2000).

In this case the time was clearly credited by the State of Arkansas against another sentence (parole revocation) and had already terminated (May 22, 2008) before the Defendant was sentenced (October 20, 2008) on the present charges.  Even if not so the Defendant has not pursued his relief properly.

If the Defendant's claim is one of failure to get proper credit under 3585 (b) he must first exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons. *See United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir.1996) (district court does not have authority to credit defendant for pretrial detention if claim is not first presented to BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir.1993) (federal prisoners seeking jail-time credit must exhaust administrative remedies before seeking habeas corpus relief).

The Defendant contends that he has "sought relief from the BOP records department" (Doc. 18, p. 3) but it is not clear if the Defendant has exhausted his administrative remedies. The Defendant does not state what procedures he has followed to assert his claim or attach any documentation in support of his administrative claim.  Even if the Defendant has exhausted his administrative claims he has not followed the proper procedure to review that claim.

The "exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the

United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent." *Rios v. Wiley*, 201 F.3d 257 (3rd Cir. 2000). A prisoner seeking habeas corpus under 2241 "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian." e.g., *Braden v. Thirtieth Judicial Circuit Court*, 410 U.S. 484, 495, 500, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) In order for a district court to have jurisdiction to issue a writ of habeas corpus, it must have jurisdiction over the petitioner's custodian. *United States v. Clinkenbeard*, 542 F.2d 59 (8th Cir. 1976)(where petitioner was serving time in Minnesota, his custodian in that state was not within the confines of the Northern District of Iowa where he was convicted and sentenced and, therefore, the Northen District of Iowa did not have jurisdiction to entertain the 2241 petition).

The Defendant's claim for credit for time served is not properly presented in a 2255 motion and even if properly presented is without merit.  It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.*  905 F.2d 218, 219 (C.A.8 (Minn.),1990)

### B.  Failure to object to imposition of a Fine

The Defendant also contends that his attorney was ineffective because the court imposed a fine of $2,500.00.  His sole basis in contending that the fine is not appropriate is that he was indigent at the time he was sentenced. (Doc. 20, p. 2).

The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences: "A prisoner in custody under sentence of a [federal] court claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. However, "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255

purposes.' " *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir.1994) (quoting *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir.1990)). *U.S. v. Watroba*,  56 F.3d 28, 29 (C.A.6 (Mich.),1995).

There are Constitutional safeguards which will protect an indigent defendant at the time of enforcement proceedings because an individual cannot be punished by incarceration or reincarceration merely for inability, without fault, to pay a fine. *Bearden v. Georgia*, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 2072-73, 76 L.Ed.2d 221 (1983). *Lincoln v. U.S.,* 12 F.3d 132, 133 (C.A.8 (Minn.),1993)

Even if this were a permissible argument for ineffective assistance it has no merit because the fine imposed is substantially below the penalty range and the court properly considered the factors in 3553 (a).

Section 5E1.2(a) of the U.S.S.G. provides that a District Court shall impose a fine "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *United States v. Houchin*, 413 F.3d 750, 751 (8th Cir. 2005) (citing *United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996)). In determining the amount of any fine to be imposed, the District Court must consider the eight factors listed in U.S.S.G. § 5E1.2(d). However, "the District Court need not provide detailed findings under each of the factors... but must provide enough information on the record to show that it considered the factors... so that the appellate court can engage in meaningful review." Houchin, 413 F.3d at 751. Thus, while a District Court is required to make a specific finding on the record that it has considered the defendant's ability to pay, in light of the defendant's capacity, and the burden that the fine places on him, "it need not itself set forth a detail analysis of the defendant's financial position, but may rely on the information contained in the PSR." *United States v. Aguilera*, 48 F.3d 327, 329 (8th

Cir. 1995).

The PSR in the present case shows the Defendant is a white, male, 36 years of age with three years of college. (PSR, p. 2).  The Defendant had no physical or mental handicaps at the time of sentencing. (PSR, p. 8).  The Defendant offered no evidence at time of sentencing or presently as to why he will be unable to pay a fine other than he was indigent at the time of sentencing.

With a total offense level of 31, the fine range for Woods' conviction was $15,000 to $150,000 pursuant to U.S.S.G. § 5E1.2(c)(3). The District Court, indicating that it had reviewed the Defendant's file in detail and the factors in 3553 (a) specifically, found that Woods did not have the ability to pay the minimum advisory guideline fine and thus exercised its discretion to impose a fine and sentence significantly lower than the guideline minimum. See U.S.S.G. § 5E1.2 cmt. n. 3. The District Court ruled that no interest would accrue on the fine and that it could be paid under a very reasonable payment plan both while incarcerated and once released from incarceration and on supervised release. (Sentencing Transcript p. 19- 20).

The Defendant cannot meet the Strickland standard because he cannot show he was prejudiced by the actions of his counsel or the ruling of the District Court. The District Court imposed a fine well below the advisory guideline range on its own motion. Given the Defendant's education level and prior work experience, there is no evidence that he is incapable of future payment of the fine, particularly with the terms and conditions the District Court established.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C.

§2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 5th day of January 2010.

/s/ J. Marschewski
_____
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE